UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SURJIT SINGH RAJASAI,<br><br>Defendant. | No. 1:06-cr-00116-DAD-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE HIS SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 70) |

On December 18, 2014, defendant Surjit Singh Rajasai filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his previously imposed sentence based upon Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. No. 70.) That amendment revised the Drug Quantity Table set forth in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many federal drug trafficking offenses. At the time of defendant Rajasai's sentencing, however, the court had already varied downward from the advisory sentencing guideline range in a manner not specifically provided for by the guidelines. The question posed therefore is whether Mr. Rajasai is eligible for sentence reduction under Amendment 782 if the sentence he received was already below the minimum of the amended guideline range.

Another judge of this court had already addressed this issue. *See United States v. Shino*, No. 1:03-CR-05453-LJO, 2015 WL 1496968, at *1 (E.D. Cal. Mar. 31, 2015). That ruling had

1   been appealed to the United States Court of Appeals for the Ninth Circuit. Accordingly, the court
2   granted defendant's unopposed request for a stay pending the Ninth Circuit's decision in *Shino*.
3   (Doc. No. 81.) On August, 1, 2016, the Ninth Circuit affirmed the district court's denial of the
4   appellant's motion for a reduction of sentence brought pursuant to 18 U.S.C. § 3582(c)(2).
5   *United States v. Shino*, No. 15-10208, 2016 WL 4073552, at *1 (9th Cir. Aug. 1, 2016).[1]
6   Specifically, the Ninth Circuit reaffirmed that where application of Amendment 782 would
7   reduce a defendant's advisory guideline range, the defendant is nonetheless ineligible for a
8   sentence reduction under § 3582(c)(2) if the sentence he received is already below the minimum
9   of the new range. *Id*.
10      Following the Ninth Circuit's decision in *Shino,* on August 3, 2016, the government filed
11  an opposition to defendant's motion for a reduction in his sentence. (Doc. No. 86.) Therein, the
12  government argued that because defendant Rajasai was sentenced based upon the career offender
13  guideline set forth at U.S.S.G. § 4B1.1 and § 4B1.1 has not been lowered, the advisory sentencing
14  guidelines would provide for the same offense level and the same sentencing range as originally
15  calculated in his case despite application of Amendment 782. (*Id*. at 3.) The government's
16  argument is persuasive. For the reasons set forth below, the court will deny defendant's motion
17  for a reduction of sentence brought pursuant to 18 U.S.C. § 3582(c).
18      Section 3582(c)(2) authorizes district courts to modify a previously imposed sentence "in
19  the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing
20  range that has subsequently been lowered by the Sentencing Commission." *United States v.*
21  *Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the U.S. Sentencing
22  Commission promulgated Amendment 782 to the U.S.S.G., which generally revised the Drug
23  Quantity Table and chemical quantity tables across drug and chemical types. The Commission
24  also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.
25  However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy

---

[1] Based upon the ruling in *Shino*, the Office of the Federal Defender notified the court that it would not be filing a supplement to defendant's original motion to reduce his sentence. (Doc. No. 85.)

statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B).  A district court's authority to modify a sentence pursuant to an amendment to the advisory guidelines is constrained by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Here, defendant Rajasai stipulated to his possession of at least five grams of actual methamphetamine or fifty or more grams of a mixture of methamphetamine.  However, the probation officer preparing the presentence report attributed to the defendant approximately 315.8 grams of actual methamphetamine or 1,039.7 grams of a mixture of methamphetamine.  (Presentence Report ("PSR") at 8–10.)  Based upon the 315.8 grams of actual methamphetamine, the PSR recommended a base offense level of 34.  (*Id*. at 9.)  After a three-level reduction for acceptance of responsibility, the PSR concluded that the total offense level was 31.  (*Id*.)  The PSR also concluded that the defendant was at least 18 years old, the offense of conviction was a controlled substance offense, and the defendant had at least two prior felony convictions for either a crime of violence or a controlled substance offense.  (*Id*.)  Therefore, the defendant qualified as a career offender pursuant to U.S.S.G. § 4B1.1(b) with a corresponding adjusted offense level of 34.  (*Id*.)  The PSR then applied a three-level reduction due to the defendant's acceptance of responsibility, resulting in a total adjusted offense level of 31.  (*Id*.)  Based upon this total offense level of 31 and a determination that the defendant's criminal history category was VI, the PSR concluded that the advisory sentencing guidelines called for a sentence of 188 to 235 months imprisonment.  (*Id*. at 22.)  The PSR recommended that the defendant be sentenced to a term of imprisonment at the low end of the advisory guideline range ─ a term of 188 months imprisonment.  (*Id*.)

On August 20, 2007, the court adopted the conclusions and findings of the presentence report without change.  However, the court varied from the advisory guideline range based upon factors set forth at 18 U.S.C. § 3553(a) and sentenced defendant to a 150-month term of imprisonment on a count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  (Doc. Nos. 61 at 1; 77 at 12.)

3

Defendant now moves to reduce his sentence. However, Amendment 782 has not reduced the sentencing guideline range calculation applicable to defendant because the applicable guideline range in his case was fixed by reference to the career offender guidelines. *See* USSG 4B1.1. While the amended Drug Quantity Table of U.S.S.G. § 2D1.1 has lowered his guideline range with respect to the amount of drugs involved in his offense to 32, defendant is still subject to U.S.S.G. § 4B1.1 and that guideline provision has not been amended or modified since his sentencing. The sentencing court never made a finding that the career offender status overstated the seriousness of defendant's criminal history. *See United States v. Wesson*, 583 F.3d 728, 732 (9th Cir. 2009) (holding that defendant who was sentenced as a career offender was not eligible for sentence reduction but noting that if career offender status overstated seriousness of defendant's criminal history and the sentencing range was premised on the § 2D1.1 base offense level, then the "conclusion might be different.") Accordingly, the advisory sentencing guidelines continue to call for the same sentencing range today as it did prior to the adoption of Amendment 782.

Because the pertinent sentencing guideline amendment does not result in a different advisory sentencing guideline range, the defendant is not entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). *See United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) ("[A] reduction in the defendant's term of imprisonment . . . is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range [.]").

Moreover, even if U.S.S.G. § 4B1.1 were not in play, defendant Rajasai would not be entitled to the relief he seeks under Amendment 782. Even with a two level reduction under the revised Drug Quantity Table set forth in U.S.S.G. § 2D1.1, his adjusted offense level would be 29 with a criminal history category of VI which would result in an advisory sentencing guideline range of 151 to 188 months. As noted above, defendant Rajasai was sentenced to a 150 month term of imprisonment which is below the minimum range called for by the revised advisory guidelines even if only U.S.S.G. § 2D1.1 applied in his case. Under the Ninth Circuit's decision in *Shino,* a defendant in that situation is not entitled to relief under 18 U.S.C. § 3582(c)(2) based

upon Amendment 782.

Accordingly, for all of the reasons set forth above, defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 (Doc. No. 70) is denied.[2]

IT IS SO ORDERED.

Dated:   **August 25, 2016**

UNITED STATES DISTRICT JUDGE

---

[2] The court notes that on June 20, 2016, defendant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  (Doc. No. 84.)  On June 27, 2016 the court's order referring that motion to the Federal Defender's Office was filed and served.  (Doc. No. 84.)  That order granted the Federal Defender's Office ninety days to file a supplement to defendant's pro se § 2255 motion or to notify the court and the government it does not intend to file a supplement.  That ninety day period has not yet expired.

5