UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURJIT SINGH RAJASAI,<br><br>    Movant ,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 1:06-cr-00116-DAD<br><br>No. 1:16-cv-00882-DAD<br><br><u>ORDER ACCEPTING WITHDRAWAL OF 28 U.S.C. § 2255 MOTION</u><br><br>(Doc. Nos. 83, 91, 97) |

On June 20, 2016, movant Surjit Singh Rajasai filed a motion on his own behalf to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 83.) On June 27, 2016, the court issued an order appointing the Office of the Federal Defender to represent movant in connection with that motion and, if appropriate to supplement the motion. (Doc. No. 84.) On September 20, 2016, counsel on behalf of movant filed a supplement to his original § 2255 motion[1], arguing that the decision in *Johnson v. United States*, ___U.S.___, 135 S. Ct. 2551 (2015) applies to the career offender residual clause of the United States Sentencing Guidelines. (Doc. No. 91.) On March 24, 2017, the government filed an opposition to movant's § 2255 motion, arguing both that it was barred by the applicable statute of limitations and, in any event, lacked merit in light of the Supreme Court's March 6, 2017 decision in *Beckles v. United States*,

---

[1] Movant's supplement was also assigned a parallel civil case number of 1:16-cv-00882-DAD.

1

___U.S.___, 137 S. Ct. 886 (2017).² (Doc. No. 96 at 1.) Thereafter, on May 8, 2017, counsel on behalf of movant filed a notice of voluntary dismissal of the § 2255 motion, stating that movant "hereby consent[s] to the withdrawal of my motion to vacate, set aside, or correct my sentence under 28 U.S.C. § 2255 filed June 20, 2016 and supplemented on September 20, 2016." (Doc. No. 97 at 1.) That motion for voluntary dismissal was signed by movant Rajasai. (*Id.*)

"The effect of withdrawal of a motion is to leave the record as it stood prior to the filing as though the motion had never been made." *Davis v. United States*, No. 5:07-cv-00481-VAP-OP, 2010 WL 334502, at *2 (C.D. Cal. Jan. 28, 2010); *see also Banks v. United States*, No. C16-0909JLR, 2017 WL 1037554, at *1 (W.D. Wash. Mar. 16, 2017) (after the decision in *Beckles* was issued, accepting the withdrawal of a motion to vacate, set aside, or correct a sentence based upon an ineffective assistance of counsel claim alleging counsel's failure to argue that the sentencing court impermissibly enhanced the sentence under the Sentencing Guidelines).

Accordingly,

1) The court accepts petitioner's notice of withdrawal (Doc. No. 97);
2) The motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. No. 83), and its supplement (Doc. No. 91), are withdrawn;
3) The motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 filed in Case No. 1:16-cv-00882-DAD (Doc. No. 1) is also withdrawn; and
4) The Clerk of the Court is directed to close both this case 1:06-cr-00116-DAD and the related case 1:16-cv-00882-DAD.

IT IS SO ORDERED.

Dated: **May 16, 2017**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

² In *Beckles* the Supreme Court held that the decision in *Johnson* does not authorize vagueness challenges to the residual clause (U.S.S.G § 4B1.2) defining a "crime of violence" under the Sentencing Guidelines. 137 S. Ct. at 897 ("Because the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness.")